OPINION
{¶ 1} Leonard R. Cox is appealing from the treatment he received in Champaign County from the trial court, magistrates, and his own attorneys.
 {¶ 2} Upon petition signed by both Leonard and Diana, their marriage was dissolved by an agreed decree in 1995. At the time, an agreed shared parenting plan was adopted. Diana was named the resident custodian of the two minor children. A year later, Leonard moved for a modification of custody and requested that he be granted permanent custody of the two minor children. Since then, litigation was unfortunately protracted and followed a torturous path through the judicial system, including a premature appeal to this court, a modification of the magistrate's decision by the trial court, and a failed attempt at mediation regarding visitation. The case is now ripe for resolution by this court, but we find nothing to resolve.
 {¶ 3} Leonard, who was represented by counsel until this final appeal, has filed with us a pro se brief in which he explains why he is appealing, as follows:
 {¶ 4} "I am presenting this case for three main purposes: (1) to EXPOSE THE SYSTEMIC CORRUPTION WITHIN THE CHAMPAIGN COUNTY COMMON PLEAS COURT that has been prevelent [sic] for decades as an `open secret,' so that future cases for all citizens will be more fairly and impartially adjudicated; (2) to ADVOCATE FOR PEOPLE WITH DISABILITIES, who have been discriminated against in Judge Wilson's courtroom in past cases before him, and in this case; and (3) to SET THE RECORD STRAIGHT on significant actual `facts' of the underlying case, which were misrepresented and deliberately made as false statements by my ex-wife during the child custody hearing, and subsequently misinterpreted, further distorted, and embellished by Magistrate Salway and Judge Wilson in their rules."
 {¶ 5} He has also informed us in his brief that he has filed his case with the Ohio Supreme Court Disciplinary Counsel "for criminal investigation and possibly disciplinary action against trial court Judge Wilson, Magistrate Salway, and the lawyers who have violated the laws and judicial legal ethics of Ohio."
 {¶ 6} His first two issues set forth above we leave to the good offices of the Ohio Disciplinary Counsel, as they are not matters within the jurisdiction of this court.
 {¶ 7} His petition requesting a change in custody was heard before a magistrate who ruled against him and, in fact, terminated the shared parenting plan and granted sole custody to their mother, Diana, and granted visitation to Leonard under the standard Champaign County visitation order. The magistrate did say in his written opinion that Leonard Cox's motion "borders upon being a frivolous filing." Docket 28, 3.
 {¶ 8} The magistrate's decision was prematurely appealed, and this court remanded the case back for filing of objections and subsequent ruling by the trial court. Ultimately, the trial court entered the following decision on the matter:
 {¶ 9} "This case was considered by the Court on the objections of Defendant Leonard Cox to the decision of the Magistrate, which decision was filed August 24, 1999.
 {¶ 10} "Upon review of all proceedings in the case, including the transcript of the evidentiary hearing of August 12, 1999, and including the Findings of Facts and Conclusions of Law submitted by the Magistrate, the Court adopts the decision of the Magistrate with a specific modification. The thrust of the objections seem to center around a feeling that a person who files a post-decree motion to `dismantle a shared-parenting plan' cannot come away from the decision with less parental rights than the person entered the process. Such a feeling has no basis in fact or in law. When a shared-parenting is dismantled, then the consideration of the case begins anew. It is not a question of rebuilding from some pre-existing basis.
 {¶ 11} "In the present case while the language of the Magistrate indicating that there was no evidence may be a bit of an overstatement, the weight of the evidence supports the conclusion of the Magistrate. In the opinion of the Court, the statements of Mr. Cox as to the nature of his care were not substantiated by any other testimony or evidence.
 {¶ 12} "Given the nature of the case and the report of the guardian ad litem, the Court believes that it is appropriate to refer the question of visitation to mediation. The Mediator will contact the lawyers to arrange for the mediation process on the question of visitation. The Mediator shall report the results of mediation to the Court.
 {¶ 13} "Defendant Leonard Cox to pay the costs of the objection process."
 {¶ 14} We construe his third argument as set forth above from his brief as an error assigned regarding the testimony of Diana and rulings by the magistrate in the trial court based upon such testimony. As we have stated many times before, (see e.g., City of Dayton v. Ronald J.Versic, (March 15, 1996), Montgomery App. No. 15223, p. 6) it is settled law that credibility is for the trier of the facts and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." Myers v. Garson
(1993), 66 Ohio St.3d 610, 614. In his brief, Leonard sets forth no specific testimony that he alludes to as being a lie, nor does he cite to any pages in the transcript of the hearing. In effect, he provides nothing for this court to specifically review. His brief is simply a vituperative tirade against the judicial process in Champaign County, including the trial court, the magistrates, and the entire bar, charging legal and ethical violations including criminal actions. Such matters are not within the purview of this court and, as we stated before, we leave them to the good offices of the Ohio Supreme Court Disciplinary Counsel of Ohio.
 {¶ 15} It is the responsibility of the appellant to present reviewable errors. Having presented none here, the judgment is affirmed.
WOLFF, P.J., FAIN, J., and YOUNG, J., concur.